**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL CARRASQUILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2019 C 03476 |
| v. | ) | |
| | ) | |
| CHERRY'S, INC., | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, THE ILLINOIS MINIMUM WAGE LAW, AND THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

Plaintiff, MICHAEL CARRASQUILLO, complains against Defendant, CHERRY'S, INC., and in support respectfully states as follows:

**NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("***FLSA***"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("***IWPCA***") and the the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("***IMWL***") and seeks damages for Defendant's failure to pay Plaintiff Michael Carrasquillo at one and a half times his regular rate of pay (the "***Overtime Rate***") for all time worked in excess of 40 hours per week and for improperly deducting from his paycheck.

2. As described below, Cherry's, Inc.'s actions constitute wage theft. In addition, they gave Cherry's, Inc. an unfair competitive advantage over other,

law-abiding businesses, and deprived Federal, State and local governments of revenue.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 29 USC § 216(b). The Court also has supplemental jurisdiction pursuant to 28 USC § 1367(a).

4. Venue is proper in this district under 28 USC §§ 1391(b) and (c) because Defendant is based in the Northern District of Illinois, and because the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

5. Plaintiff is a citizen of the State of Illinois, residing in the City of Chicago.

6. Defendant is a corporation organized in and authorized to do business in the State of Illinois. Its principal place of business is 792 Fairway Drive, Bensenville, IL 60106. Defendant is an "employer" as that term is used in FLSA, IWPCA and IMWL. Defendant can be served through its registered agent, Jon A. Michael, 321 N. Dee Road, Park Ridge, IL 60068.

**FACTS**

7. Plaintiff was employed at Cherry's, Inc. as a tow truck driver from June 2018 to January 2019. He was an "employee" as that term is used in FLSA, IWPCA and IMWL.

8. Cherry's, Inc. is open 24 hours a day. Plaintiff worked the overnight shift, usually scheduled to start at 7:00 or 8:30 PM and end at 6:00 or 6:30 AM, and was paid on an hourly basis, at $14 per hour. Typically, he worked five or six days a week, putting in between 50 and 65 hours most weeks.

9. His job involved duties one would expect to be performed overnight as a tow truck operator, and he did not receive Overtime Pay for hours in excess of 40 per week.

## APPLICABLE LAW

10. The FLSA at 29 USC § 207 and the IMWL at 820 ILCS 105/4a both require an employer to pay an employee minimum wage for all hours worked, and to pay the Overtime Rate for all time worked beyond 40 hrs./week.

11. Some employees are exempt from these protections, including anyone "employed in a bona fide executive, administrative, or professional capacity." 29 C.F.R. § 213(a)(1)[1]. Mr. Carrasquillo is not exempt.

12. The IWPCA prohibits employers from deducting any amount from employee's paychecks for property damage without the employee's express written consent. 820 ILCS 115/9.

## BLATANT VIOLATIONS

13. Plaintiff retained certain documents from his employment that demonstrate the blatant, willful and egregious nature of Cherry's, Inc.'s violation of Federal and State law.

[1] Unless otherwise noted, all references to "Code," "section" or "§" refer to the Code of Federal Regulations.

14. Based on his timecards, Mr. Carrasquillo worked 277.6 hours of overtime at the regular rate, instead of the Overtime Rate. Based on his salary of $14 per hour, he should have received an additional $1,942.97 for overtime.

15. Additionally, Cherry's Inc. improperly deducted $575 from Mr. Carrasquillo's final paycheck.

**Count I**
**Violation of Fair Labor Standards Act**

16. Plaintiff repeats and incorporates ¶¶ 1 – 15 above.

17. Cherry's, Inc. failed to pay Plaintiff at the Overtime Rate when he worked more than 40 hours/week in violation of FLSA, 29 USC § 207.

18. Plaintiff did not work in a "bona fide executive, administrative, or professional capacity" insofar as his primary duties involved towing cars. He did not hire or fire employees, make schedules, or have supervisory duties. He had little to no discretion in performing his duties. He was therefore not exempt from the FLSA, 29 USC § 213. See 29 CFR §§ 541.100-300.

19. A violation is "willful" if the defendant either knows he is committing, or is reckless about whether he is committing, a violation. *McLaughlin v. Richland Shoe Co.* 486 U.S. 128, 133 (1988); *EEOC v. Madison City. Unit Sch. Dist. No. 12*, 818 F. 2nd 577, 585 (7th Cir. 1987).

20. Cherry's, Inc.'s violation of FLSA was willful, repeated and intentional.

21. Any employer who violates the provisions of 29 USC § 206 or § 207 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages and overtime compensation and in an additional equal amount as liquidated damages. 29 USC § 216 (b).

22. Liquidated damages for violation of the FLSA are mandated, and viewed by the courts as normal damages. *Salton v. United Consumers Club*, 786 F. 2nd 303, 310 (7th Cir. 1986). Double damages are the norm, not the exception. *Avita v. Metropolitan Club of Chicago, Inc.*, 49 F. 3rd 1219, 1223 (7th Cir. 1995).

WHEFORE, Plaintiff requests that the Court award judgment in his favor and against Defendant, and award him:

A. Back pay at the appropriate rate for all the hours that he worked at Cherry's, Inc. at the Overtime Rate for all hours he worked in excess of 40/week, in an amount of at least $1,942.97.

B. Liquidated damages in an amount equal to the amount of unpaid back wages pursuant to 29 USC § 216(b), at least an additional $1,942.97; and,

C. Pre and post-judgment interest, and reasonable attorneys' fees and costs.

**Count II**
**Violation of Illinois Minimum Wage Law**

23. Plaintiff repeats and incorporates ¶¶ 1 –20 above.

24. Section 541.118(a) controls the IMWL's interpretation of the term "employee employed in a bona fide executive, administrative or professional capacity". 820 ILCS 105/4 a(2)(E).

25. As outlined above, Cherry's, Inc. did not pay Plaintiff the at the Overtime Rate as required by the IMWL.

26. Because, for the reasons outlined above, Plaintiff does not meet the criteria for an exempt employee under FLSA, he does not meet the criteria under IMWL either.

WHEREFORE, Plaintiff requests that the Court award judgment in his favor and against Defendant, and award his:

A. Back pay at the appropriate rate for all the hours that he worked in excess of the hours already paid plus overtime pay for all hours he worked in excess of 40/week, in an amount of at least $1,942.97;

B. Statutory damages of 2% per month pursuant to the formula set out in 820 ILCS § 105/12(a); and,

C. Pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**Count III**
**Violation of Illinois Wage Payment and Collection Act**

27. Plaintiff repeats and incorporates ¶¶ 1 – 24 above.

28. Plaintiff did not have a written contract with Cherry's, Inc.

29. Plaintiff's final paycheck was reduced by $567.39 for damage Plaintiff allegedly caused to a vehicle.

30. Such deduction is in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/9.

WHEREFORE, Plaintiff requests that the Court award judgment in his favor and against Defendant, and award his:

A. Back pay at the appropriate rate for all the hours that he worked in excess of the hours already paid;

B. Statutory damages of 2% per month pursuant to the formula set out in 820 ILCS § 115/14; and,

C. Pre- and post-judgment interest, and reasonable attorneys' fees and costs.

PLAINTIFF DEMANDS TRIAL BY JURY

                                           Respectfully submitted,
                                           Michael Carrasquillo

                                           /s/ Wesley E. Johnson
                                           One of his attorneys

Adam Goodman, ARDC No. 6229333
Wesley Johnson, ARDC No. 6225257
Goodman Tovrov Hardy & Johnson LLC
105 West Madison Street
Suite 1500
Chicago IL 60602
312.752-4828 (WEJ)
agoodman@goodtov.com
wjohnson@goodtov.com